Achorn & Co. et al. v. Piper.

ACHORN & CO. ET AL v. PIPER.

1. **Libel:** LANGUAGE NOT ACTIONABLE PER SE: SPECIAL DAMAGES MUST BE SHOWN: EXAMPLE. Where the language charged as libelous was to the effect that plaintiffs had, by entering into a combination for that purpose, reduced the price of grain at the place where they did business, *held* that the language was not actionable *per se*, (Code, § 4097,) and that no recovery could be had on account of the publication of such language without proof of special damages.

*Appeal from O'Brien District Court.*

TUESDAY, SEPTEMBER 22.

ACTION to recover damages for a libel. There was a judgment upon a verdict for plaintiffs. Defendant appeals.

*Alfred Morton* and *F. H. Nash*, for appellant.

*Dunn, Bullis & Bailey*, for appellees.

BECK, CH. J.—I. The alleged ·libelous publication, which is the foundation of the action, charges substantially that plaintiffs, who are dealers in and purchasers of grain, combined to reduce the price of grain, one of the plaintiffs purchasing one day and another the next, and so on, and that the price of grain at the town where plaintiffs were doing ousiness was less than at the other neighboring towns. There is no allegation of special damages in the petition, and none were proved.

II. It is very plain that the language of the publication is not actionable *per se*, as it does not imply charges of acts which would tend to provoke plaintiffs to wrath, or expose them to public hatred or ridicule, or deprive them of the benefits of public confidence and social intercourse. Code, § 4097. It is not an uncommon thing for dealers engaged in the same business to fix prices by agreement, and, adhering thereto, thus to control the market as to the price at which goods are bought and sold; and such agreements sometimes control the quantities purchased and the time of purchasing by the different parties thereto. According to the customs of trade, such a course of business does not bring those engaged in it into public hatred or ridicule. We are clearly of the opinion that the plaintiffs cannot recover damages unless they are specifically proved, and that the law will not presume that plaintiffs suffered injury in the absence of such proof.

This conclusion is in harmony with familiar rules of the law. But the district court in its instructions held that plaintiffs could recover, though no special damages were alleged and proved. Such instructions, we think, are erroneous.

For error in the instructions above pointed out the judgment of the district court is

REVERSED.